IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LAKAISHA GALLAHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | No. 3:09-CV-234 |
| ) | (PHILLIPS/SHIRLEY) |
| SOUTHERN TUBE FORM, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND REPORT AND RECOMMENDATION

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this court for consideration of plaintiff's Application To Proceed *In Forma Pauperis*. The undersigned files this Report and Recommendation for the District Judge to whom the case is assigned.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. Adkins v. W.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S.Ct. 85 (1948); Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. Denton v. Hernandez, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992).

The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. See Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. Adkins, supra. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner

cannot because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. Id. at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the second discretion of the court. Phipps v. King, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees, therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. Gibson v. R.G. Smith Co., 915 F.2d 262-63 (6th Cir. 1990); see Harris v. Johnson, 784 F.2d 222 (6th Cir. 1986). The Clerk shall not issue process, however, at this time.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. See also Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).[1]

The Court notes that the Complaint filed in this matter is identical to the Complaint filed by the Plaintiff in a previous case: Gallaher v. Southern Tube Form, LLC, 3:06-CV-326, filed August 28, 2006. The parties in the two cases are identical, as are the claims, which stem from the plaintiff's alleged discriminatory termination in November 2005 by her employer, defendant Southern Tube Form, LLC. However, on September 17, 2007, in case number 3:06-CV-326, the District Court granted the defendants' motion for summary judgment and dismissed the plaintiff's claims. [3:06-CV-326, Docs. 21, 22] The plaintiff filed an appeal with the United States Court of

---

[1] Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. United States v. Floyd, 105 F.3d 274, 36 Fed. R.. Serv. 3d 1330 (6th Cir. 1997) and Powell v. Hoover, 956 F. Supp. 564 (MD PA) (1997).

2

Appeals for the Sixth Circuit, but her appeal was denied. [3:06-CV-326, Doc. 24] The plaintiff then sought a Writ of Certiorari from the United States Supreme Court, but that request was denied. [3:06-CV-326, Docs. 26, 27] Thus, the plaintiff's claims as to her allegedly discriminatory termination in November 2005 have been fully adjudicated on the merits. The plaintiff's federal claims of discrimination were dismissed with prejudice, and, because the District Court declined to exercise supplemental jurisdiction over the plaintiff's remaining state claims of intentional infliction of emotional distress, her state claims were dismissed without prejudice.

In light of the District Court's prior resolution of these claims, the plaintiff's claims are now bound by the doctrine of claim preclusion, also known as res judicata. The United States Supreme Court has described the doctrine as follows: "Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748-49, 121 S. Ct. 1808 (2001). For a prior judgment to have preclusive effect, it must be valid, final, and on the merits. 18A Charles Alan Wright et al., Federal Practice & Procedure § 4427 (2d ed. 2002); see also Knox County Educ. Ass'n v. Knox County Bd. of Educ., 158 F.3d 361, 376 (6th Cir. 1998). As the Court noted above, the District Court's Judgment in case number 3:06-CV-326 was valid, final, and on the merits and, as a result, is entitled to preclusive effect. Because the instant complaint alleges precisely the same causes of action as were alleged and dismissed in case number 3:06-CV-326, the doctrine of res judicata prohibits the relitigation of those causes of action. Thus, the doctrine of res judicata compels the dismissal of the plaintiff's claims of discrimination, and the Court **RECOMMENDS** that the plaintiff's federal claims of discrimination be **DISMISSED with prejudice**. As the plaintiff's discrimination claims are the only federal claims before the Court, and given the District Court's prior decision not to exercise supplemental jurisdiction over

the plaintiff's state claims, the Court **RECOMMENDS** that the plaintiff's state claims of intentional infliction of emotional distress be **DISMISSED without prejudice**.

Accordingly, it is **RECOMMENDED** that the Complaint be **DISMISSED** under 28 U.S.C. § 1915(e) as frivolous, for failure to state a federal claim upon which relief can be granted, but without prejudice to the plaintiff's rights to re-file her state claim of intentional infliction of emotional distress in State Court. This Complaint lacks any arguable basis for a recovery in Federal Court. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. at 1831 (1989).

This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of Gibson v. R.G. Smith Co., 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*[2].

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).