UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LAKAISHA GALLAHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-234 |
| ) | (PHILLIPS/SHIRLEY) |
| SOUTHERN TUBE FORM, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 11] of the Honorable Thomas W. Phillips, United States District Judge, for the disposition of the *pro se* plaintiff's Motion for Leave to Appeal in Forma Pauperis. [Doc. 10] The plaintiff seeks leave of the Court to proceed in forma pauperis as to her appeal to the United States Court of Appeals for the Sixth Circuit on the District Court's Order [Doc. 7] dismissing the plaintiff's claims on the basis of claim preclusion.

Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides, in pertinent part, that:

> a party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court – before or after the notice appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

Fed. R. App. P. 24(a)(3). The Rule requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal

is not taken in good faith if the issue presented is frivolous. Id.

The plaintiff was previously granted pauper status at the commencement of this case [Doc. 3], and thus further authorization to proceed in forma pauperis on appeal is not normally required. However, as the District Court noted in its ruling [Doc. 7], the instant lawsuit is identical to a previously filed suit, Gallaher v. Southern Tube Form, LLC, Civil Action No. 3:06-CV-326 filed August 28, 2006, and the Sixth Circuit, in the case numbered 07-6309, has already rejected the plaintiff's appeal in that case. Thus, under the doctrine of claim preclusion, the plaintiff's claim is barred as a matter of law and any appeal would be frivolous.

In light of that fact, the Court cannot certify that the instant appeal is made in good faith. Rather, the Court must necessarily, under Rule 24, find that the appeal is frivolous. Accordingly, the undersigned respectfully **RECOMMENDS** that the plaintiff's request to proceed on appeal in forma pauperis **[Doc. 10]** be **DENIED** and that the appeal be certified as frivolous.[1]

Finally, the Court notes that the District Court, in ruling on the plaintiff's original case, Gallaher v. Southern Tube Form, LLC, Civil Action No. 3:06-CV-326 filed August 28, 2006, dismissed the plaintiff's federal claims with prejudice, but dismissed the pendant state law claims without prejudice, noting that those claims could be re-filed in state court. That aspect of the Court's ruling has not changed, though the time for filing such state law claims may well have

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

passed. The plaintiff's state law claims cannot be addressed in this Court, which is a federal court, but may still be viable in a Tennessee state court, should the plaintiff wish to pursue her state law claims in a court with the proper jurisdiction.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge